IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-41 |
| | ) | (VARLAN/SHIRLEY) |
| JODY OLIVENT, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on June 7, 2006 for a scheduled suppression hearing. Assistant United States Attorney Tracee Plowell was present representing the government. Attorneys White and Nicholson were present representing Defendant Olivent, who was also present.

At the hearing, the parties made an oral joint motion to continue the impending June 14, 2006 trial in order that they might gain a ruling on the defendant's motion to suppress. The Court also questioned the defendant, who confirmed that he had discussed his right to a speedy trial with his attorneys. He further stated that he did not object to his attorneys' request that the trial be continued and agreed that he wanted his trial to be continued.

The Court finds the parties' oral joint motion for a continuance to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public

1

and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching June 14, 2006 trial date, the Court finds that the failure to grant a continuance would deprive the parties of adequate time for the Court to consider the suppression motion and prepare a Report and Recommendation, for the parties to object to the report, for the District Court to rule upon any objections, and for the parties to prepare for trial. 18 U.S.C. § 3161(h)(1)(F), -(J). The Court finds that this process could not be accomplished before the current June 14, 2006 trial date or in less than approximately three (3) months. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the parties' oral joint motion to continue the trial.

In light of these findings and its granting of the parties' oral joint motion to continue the trial, the Court set a new trial date of **September 18, 2006**. The Court also finds, and the parties agreed, that all the time between the June 7, 2006 hearing and the new trial date of September 18, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B). With regard to further scheduling, no further pretrial conference shall be scheduled at this time.

Accordingly, it is **ORDERED**:

(1) The Court **GRANTS** the parties' oral joint motion to continue the June 14, 2006 trial;

(2) The trial of this matter is reset to commence on **September 18, 2006, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **June 7, 2006** hearing and the new trial date of **September 18, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(4) No further pretrial conference shall be scheduled at this time.

**IT IS SO ORDERED.**

                    ENTER:

                    s/ C. Clifford Shirley, Jr.
                    United States Magistrate Judge