UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-41 |
| | ) | (VARLAN/SHIRLEY) |
| JODY OLIVENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

    Defendant Jody Olivent is charged in a three-count indictment [Doc. 7] alleging he was a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), he willfully engaged in the business of dealing in firearms without being a licensed firearm dealer in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and he knowingly made firearms in violation of 26 U.S.C. § 5861(f). Defendant filed a motion to suppress [Doc. 11] "all evidence obtained from his residence on March 23, 2006 and thereafter" on the grounds that the warrant obtained to search his residence was issued without probable cause to conduct a search under the Fourth Amendment. The government filed a response to this motion [Doc. 13]. Following a hearing on the motion to suppress on June 7, 2006, Magistrate Judge C. Clifford Shirley, Jr. filed a Report and Recommendation ("R&R") [Doc. 16] in which he recommended that the motion to suppress be denied. This matter is before the Court on defendant's objection to the R&R [Doc. 17].

    Defendant does not make any specific objections to the R&R in his motion, but instead states that he is relying "on the issues and authority stated in his Motion to Suppress

and Memorandum in support of the same previously filed in this cause [sic]." [Doc. 17.] As the government points out in its response to defendant's objection [Doc. 18], it is well-settled in the Sixth Circuit that objections to a magistrate judge's report must "specify the issues of contention" and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections to a magistrate judge's report must indicate what the objecting party thought the magistrate did wrong. *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 508 (6th Cir. 1991).

Here, defendant's objection fails to address the findings of the magistrate judge and does not raise any new issues which might properly be addressed by the Court. In this way, defendant's objection is the kind of summary objection the Sixth Circuit views as a general objection to a magistrate judge's R&R. *Miller*, 50 F.3d at 380. General objections are treated by the Sixth Circuit as having "the same effects as would a failure to object" and therefore are not preserved for appellate review. *Howard*, 932 F.2d at 509. As such, defendant's objection does not warrant *de novo* review by the Court.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Shirley [Doc. 16] whereby defendant's motion to suppress [Doc. 11] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE