# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:06-CR-41 (VARLAN/SHIRLEY) |
| JODY OLIVENT, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on November 21, 2006, for a scheduled motion hearing. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Elizabeth Ford was present for Defendant, who was also present at the hearing.

At the hearing, Defendant made an oral motion to continue the November 29, 2006 trial. Counsel for Defendant, being newly appointed, requested additional time within which to assess the need to file pretrial motions and prepare for trial. The government stated that it had no objection to the requested continuance.

The Court also questioned Defendant Olivent, who stated to the Court that he did not object to the request for a continuance of the trial and indicated that he wanted the Court to continue the trial of this matter. Defendant further stated that he understood that he must continue to comply

1

with the conditions of his release pending the new trial date.

Based on the foregoing, the Court finds Defendant's oral motion to continue the trial to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching November 29, 2006 trial date, the Court finds it would not be reasonable to expect counsel for Defendant to prepare for trial effectively, even taking into account counsel's due diligence, in light of her being newly appointed to this case. Furthermore, Ms. Ford will need additional time to assess whether to file further pretrial motions in this case. As such, the Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** Defendant Olivents's oral motion to continue the trial.

In light of these findings and its granting Defendant's oral motion, the Court set a new trial date of **February 21, 2007**. The Court further finds, and the parties agreed, that all the time between the November 21, 2006 hearing and the new trial date of February 21, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(8)(A)-(B). With regard to further scheduling, Defendant has until **December 21, 2006** to move for the Court's leave to file any pretrial motion and should file that particular motion contemporaneously with the motion for leave to file. Responses are due on or before **January 4, 2007**. The Court will not set another pretrial conference at this time.

Accordingly, it is **ORDERED:**

(1) Defendant Olivent's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on

**February 21, 2007, at 9:00 a.m.,** before the Honorable Thomas Varlan, United States District Judge;

(3) All time between the **November 21, 2006** hearing and the new trial date of **February 21, 2007**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) Defendant has until **December 21, 2006** to move for the Court's leave to file any pretrial motion and should file that particular motion contemporaneously with the motion for leave to file;

(5) Responses are due on or before **January 4, 2007**;

(6) The Court will not set another pretrial conference at this time.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge